FILED
CLERK, U.S. DISTRICT COURT

November 8, 2020

CENTRAL DISTRICT OF CALIFORNIA
BY: ___VPC___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anthony Bouyer,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Ronald Bloomfield et al,<br><br>　　　　Defendants. | Case No. CV 20-04775 SB (AGRx)<br><br>**ORDER SETTING SCHEDULING CONFERENCE**<br><br>**Date:** Friday, November 13, 2020<br>**Time:**　　　　8:30 a.m.<br>**Courtroom**　　6C<br>**:** |

**READ THIS ORDER CAREFULLY BECAUSE IT CONTROLS THIS CASE AND DIFFERS IN PART FROM THE LOCAL RULES.**

　　This case has been assigned to Judge Stanley Blumenfeld, Jr. and is set for a scheduling conference on the above date in Courtroom 6C of the First Street Courthouse, 350 West First Street, Los Angeles, CA, 90012.  The scheduling conference will be held pursuant to Fed. R. Civ. P. 16(b).

**1.　Preliminary Matters**

　　a.　<u>Self-Represented Parties</u>.  Parties appearing in propria persona ("pro per") must comply with the Federal Rules of Civil Procedure and the Local Rules.  *See* Local Rule 1-3, 83-2.2.3.  "Counsel," as used in this order, includes parties appearing in pro per.

　　b.　<u>Notice to be Provided by Counsel</u>.  Plaintiff's counsel or, if plaintiff is

appearing pro per, defendant's counsel, shall provide this Order to all parties who first appear after the date of this Order and to parties who are known to exist but have not yet entered appearances. Counsel should also provide to their clients a copy of this Order and the Court's trial order (which will contain the schedule set at the scheduling conference).

    c. Court's Website. This and all other generally applicable orders of this Court are available on the Central District of California website, www.cacd.uscourts.gov, and on Judge Blumenfeld's webpage, http://www.cacd.uscourts.gov/honorable-stanley-blumenfeld-jr. The Local Rules are also available on the Court's website.

    d. Pleadings. If plaintiff has not previously served the operative complaint on all defendants, plaintiff shall promptly do so and file proof(s) of service within 3 days thereafter. Each defendant likewise shall promptly serve and file a responsive pleading and file proof of service within three days thereafter (if not previously done). At the scheduling conference, the Court will dismiss all remaining fictitiously named defendants and set a deadline for hearing motions to amend the pleadings or add parties.

    e. Discovery. The parties are reminded of their obligations to (i) make initial disclosures "without awaiting a discovery request" (Fed. R. Civ. P. 26(a)(1)) and (ii) confer on a discovery plan at least 21 days before the scheduling conference (Fed. R. Civ. P. 26(f)). The Court encourages counsel to agree to begin to conduct discovery actively *before* the scheduling conference. At the very least, the parties shall comply fully with Fed. R. Civ. P. 26(a), producing most of what is required in the early stage of discovery, because the Court will impose strict deadlines to complete discovery at the scheduling conference.

**2.** **<u>Joint Rule 26(f) Report</u>**

The Joint Rule 26(f) Report ("Report") must be filed no later than 14 days after the meeting of counsel and *no later than 7 days* before the scheduling conference. A copy of the Report must be delivered to Judge Blumenfeld's Chambers Copy box outside of the Clerk's Office on the fourth floor of the courthouse by 12:00 p.m. (noon) the following business day.

The Report shall be drafted by plaintiff—unless plaintiff is a self-represented litigant (who is not a lawyer) or the parties agree otherwise—but shall be submitted and signed jointly. "Jointly" means a single report, regardless of the number of separately represented parties. The Report shall specify the date of the scheduling conference on the caption page and shall contain the information required by Fed. R. Civ. P. 26(f) and Local Rule 26, including:

    a. <u>Statement of the Case</u>. A short synopsis (not to exceed two pages) of the main claims, counterclaims, and affirmative defenses.

    b. <u>Subject Matter Jurisdiction</u>. A statement of the specific basis of federal jurisdiction, including supplemental jurisdiction. If there is a federal question, cite the federal law under which the claim arises.

    c. <u>Legal Issues</u>. A brief description of the key legal issues, including any unusual substantive, procedural, or evidentiary issues.

    d. <u>Parties, Evidence, etc</u>. A list of parties, percipient witnesses, and key documents on the main issues in the case. For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates.

    e. <u>Damages</u>. The realistic range of provable damages.

    f. <u>Insurance</u>. Whether there is insurance coverage, the extent of coverage, and whether there is a reservation of rights.

    g. <u>Procedural Motions</u>. A statement of the likelihood of motions to add other parties or claims, file amended pleadings, transfer venue, etc.

    h.    <u>Dispositive Motions</u>. A description of the issues or claims that any party believes may be determined by motion for summary judgment. (Please refer to the Court's separate order governing summary judgment *motions*. http://www.cacd.uscourts.gov/honorable-stanley-blumenfeld-jr.)

    i.    <u>Manual for Complex Litigation</u>. Whether the procedures of the Manual for Complex Litigation should be used in whole or part.

    j.    <u>Status of Discovery</u>. A discussion of the present state of discovery, including a summary of completed discovery.

    k.    <u>Discovery Plan</u>. A detailed discovery plan, as contemplated by Fed. R. Civ. P. 26(f). State any proposed changes in the disclosures under Fed. R. Civ. P. 26(a), the subject(s) on which discovery may be needed, whether applicable limitations should be changed or other limitations imposed, and whether the Court should enter other orders. A general statement that discovery will be conducted on all claims and defenses, or any other similarly vague description, is not acceptable.

    l.    <u>Discovery Cut-Off</u>. A proposed discovery cut-off date–i.e., the final date for *completion of discovery*, including resolution of all discovery motions. This date should ensure that discovery is completed sufficiently far in advance of the motion cut-off date to avoid a request under Fed. R. Civ. P. 56(d).

    m.    <u>Expert Discovery</u>. Proposed dates for initial and rebuttal expert witness disclosures and expert discovery cut-off under Rule 26(a)(2). This date should ensure that discovery is completed sufficiently in advance of the motion cut-off date to avoid a request under Fed. R. Civ. P. 56(d).

    n.    <u>Settlement Conference / Alternative Dispute Resolution ("ADR")</u>. A description of all prior settlement discussions or written communications (without stating the terms discussed). If a Notice to Parties of Court-Directed ADR Program (Form ADR-08) was filed in this case, the Court

will refer it to the magistrate judge, the Court Mediation Panel, or to private mediation (at the parties' expense). The parties must indicate their preference in their Report. No case will proceed to trial unless all parties, including an officer with full settlement authority for corporate parties, have appeared personally at an ADR proceeding.

o. <u>Trial Estimate</u>. A realistic estimate, in days, of the court time required for trial and whether trial will be by jury or by court. Each side should specify the number (not the names) of witnesses it contemplates calling. If the time estimate for trial in the Report exceeds four court days, counsel should be prepared to discuss in detail the basis for the estimate.

p. <u>Trial Counsel</u>. The names of the attorneys who will try the case (and their respective roles if a party has more than one attorney).

q. <u>Independent Expert or Master</u>. Whether the Court should consider appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert. The appointment of a master may be appropriate if there are likely to be substantial discovery disputes, numerous claims to be construed in connection with a summary judgment motion, a lengthy *Daubert* hearing, a resolution of a difficult computation of damages, etc.

r. <u>Schedule Worksheet</u>. Complete the Schedule of Pretrial and Trial Dates Worksheet ("Worksheet") attached to this Order and include it with your Report. The parties *must* submit a completed Worksheet with their Report and should make every effort to agree on dates.

- The trial in most civil cases will be set within 12 months (and generally no later than 18 months for unusually complex cases). Any request to deviate from the 12-month norm should be explained in the Statement of the Case (see (a) above).

- The entries in the "Weeks Before FPTC" column reflect what is appropriate for most cases and what will allow the Court to rule on potentially dispositive motions sufficiently in advance of the Final

5

>Pretrial Conference. However, counsel may propose *earlier* last dates by which the key requirements must be completed.
>
>- Each date should be stated as month, day, and year (e.g., 10/15/19). The Court may order different dates from those counsel propose.
>
>- Hearings shall be on Fridays (not falling on a holiday) at 8:30 a.m. Other deadlines (i.e., those not involving the Court) can be any day of the week.
>
>- The discovery cut-off date is the last day by which all depositions must be completed, responses to previously served written discovery must be provided, and discovery motions must be heard. The motion cut-off date is the last date on which motions may be *heard*, not filed.
>
>- If the parties wish the Court to set dates in addition to those on the Worksheet, they may so request by a separate Stipulation and Proposed Order. This is often appropriate for class actions, patent cases, and cases for benefits under Employee Retirement Income Security Act of 1974 ("ERISA").

    s.    <u>Magistrate Judge</u>. Whether the parties agree to try the case before a magistrate judge (either by jury or court trial). *See* 28 U.S.C. § 636 (requiring parties' consent). If so, the parties are not limited to the magistrate judge assigned to the case, but rather may choose any magistrate judge identified on the Central District website.

    t.    <u>Other Issues</u>. A statement of any other issues affecting the status or management of the case (e.g., unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, non-English speaking witnesses, ADA-related issues, discovery in foreign jurisdictions) and any proposals concerning severance, bifurcation, or other ordering of proof.

The Report should set forth the above-described information under section headings corresponding to those in this Order.

6

3. **Scheduling Conference**

   a. <u>Continuance</u>.  A request to continue the scheduling conference will be granted only for good cause.

   b. <u>Vacating the Scheduling Conference</u>.  The Court may vacate the scheduling conference and issue the scheduling order based solely on the Report.

   c. <u>Participation</u>.  Lead trial counsel must attend the scheduling conference, unless excused by the Court for good cause prior to the conference.

**IT IS SO ORDERED.**

Dated:  October 8, 2020   _____
                                    Stanley Blumenfeld, Jr.
                                United States District Court Judge

**JUDGE STANLEY BLUMENFELD, JR.**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
*The Court orders the parties to make every effort to agree on dates.*

| Case No. | | Case Name: | | | |
|---|---|---|---|---|---|
| **Final Pretrial Conference (FPTC) and Trial Dates** | | | Pl(s)' Date (mm/dd/yy) | Def(s)' Date (mm/dd/yy) | Court Order (mm/dd/yyy) |
| Check one:  ☐ Jury Trial  or  ☐ Court Trial (<u>Monday</u> at 8:30 a.m., within 12 months after Complaint filed*) <br> * The Court may allow more or less than 12 months depending on case complexity. | | | | | ☐ Jury Trial <br> ☐ Court Trial <br> ____ Days |
| FPTC [L.R. 16] / Hearing on Motions in Limine (<u>Friday</u> at 11:00 a.m. (at least 18 days before trial) | | | | | |
| **Event**[†] <br> Hearings are on Fridays at 8:30 a.m. <br> (Other dates may be any weekday.) | | **Weeks Before FPTC** | **Pl(s)' Date mm/dd/yy** | **Def(s)' Date mm/dd/yy** | **Court Order mm/dd/yy** |
| Motion to Amend Pleadings/Add Parties: Last Day to <u>Hear</u> (60 days after the scheduling conference) | | | | | |
| Discovery Cut-Off (Non-Expert) (no later than deadline for <u>filing</u> dispositive motion) | | 18 | | | |
| Discovery Cut-Off (Experts) | | 12[‡] | | | |
| Expert Disclosure (Initial) | | | | | |
| Expert Disclosure (Rebuttal) | | | | | |
| Last Date to <u>Hear</u> Motions [Friday] <br> • Rule 56 Motion due at least 5 weeks before hearing <br> • Opposition due 2 weeks after Motion is filed <br> • Reply due 1 week after Opposition is filed | | 12 | | | |
| Deadline to Complete Settlement Conference [L.R. 16-15] <br> <u>Select one</u>:  ☐ 1. Magistrate Judge (with Court approval) <br>          ☐ 2. Court's Mediation Panel <br>          ☐ 3. Private Mediation | | 10 | | | ☐ 1. Mag. J. <br> ☐ 2. Panel <br> ☐ 3. Private |
| **Trial Filings (first set)** <br> • Motions in Limine <br> • Memoranda of Contentions of Fact and Law [L.R. 16-4] <br> • Witness Lists [L.R. 16-5] <br> • Joint Exhibit List [L.R. 16-6.1] <br> • Joint Status Report Regarding Settlement <br> • Proposed Findings of Fact and Conclusions of Law [L.R. 52] (court trial only) <br> • Direct Testimony Declarations if ordered (court trial only) | | 4 | | | |
| **Trial Filings (second set)** <br> • Oppositions to Motions in Limine <br> • Joint Proposed Final Pretrial Conference Order [L.R. 16-7] <br> • Joint/Agreed Proposed Jury Instructions (jury trial) <br> • Disputed Proposed Jury Instructions (jury trial) <br> • Joint Proposed Verdict Forms (jury trial) <br> • Joint Proposed Statement of the Case (jury trial) <br> • Proposed Additional Voir Dire Questions, if any (jury trial) <br> • Evidentiary Objections to Decls. of Direct Testimony (court trial) | | 2 | | | |

[†] The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order. Class actions, patent, and ERISA cases in particular may need to vary from the above.

[‡] The parties should consider whether to cut off expert discovery prior to the deadline for *filing* an MSJ.